IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK DANOIS and DIANE DANOIS, h/w | : | CIVIL ACTION |
| *Plaintiffs* | : | NO. 11-3856 |
| v. | : | |
| i3 ARCHIVE, INC., MARK TURNBULL, JOSEPH KELLER, and BRUCE E. TERKER | : | |
| *Defendants* | : | |

# O R D E R

**AND NOW**, this 12th day of January 2015, upon consideration of Defendants' *Motion to Enforce the Settlement Agreement*, [ECF 58], Plaintiffs' response in opposition thereto, [ECF 60], Defendants' reply, [ECF 61], and the evidence presented and oral argument made at the December 15, 2014 evidentiary hearing, it is hereby **ORDERED**, consistent with the accompanying Memorandum Opinion filed on this day, that Defendants' motion is **GRANTED** and this matter is deemed **SETTLED**.

Further, the terms of the settlement agreement are as follows:

A. The Plaintiffs agree to pay a specified sum certain amount to Defendants, pursuant to a payment schedule, as noted in the accompanying Memorandum Opinion.

B. The parties agree to the following non-monetary admissions regarding the Plaintiffs' conduct during their employment with i3 Archive, Inc. ("i3"):

   1. Derek Danois did not disclose his personal romantic relationship with Diane Hockstein Danois to any members of the Board at any time during his employment with i3 or his term of service on the Board.

   2. Diane Hockstein Danois did not disclose her personal romantic relationship with Derek Danois to any members of the Board at any time during her consultancy for i3, her employment with i3, or her term of service on the Board.

   3. Derek Danois did not disclose his marriage to Diane Hockstein Danois to any members of the Board at any time during his employment with i3 or his term of service on the Board.

4. Diane Hockstein Danois did not disclose her marriage to Derek Danois to members of the Board at any time during her employment with i3 or her term of service on the Board.

5. As Board members, the Danoises repeatedly voted on each other's compensation and other related matters without disclosing their romantic or marital relationship to the rest of the Board.

6. As a Board member, Derek Danois made representations to the other Board members about the positive value that Diane Hockstein Danois brought to i3, without disclosing his ongoing personal romantic or marital relationship with her. Based on Derek Danois' representations to the Board about Diane Hockstein Danois, the Board continued to authorize her employment with i3 despite i3's precarious financial condition.

7. During the period she was employed by i3, Diane Hockstein Danois also became employed with Ross Feller Casey, LLP, knowing that such employment was inconsistent with the terms of her employment contract with i3, which required her to devote her "full working time, energy, skill and experience" to i3.

8. Derek Danois knew that Diane Hockstein Danois became employed with Ross Feller Casey, LLP, while continuing to be employed by i3.

9. Derek Danois did not discuss or disclose Diane Hockstein Danois's employment at Ross Feller Casey, LLP, with any member of the Board other than Alex Pearl.

10. To the best of the Danoises' knowledge, other than Alex Pearl, no Board member knew that Diane Hockstein Danois became employed at Ross Feller Casey, LLP, until well after she was terminated from employment with i3.

11. The Danoises made forward-looking representations to the Board about i3's business opportunities and revenue projections that were never achieved.

Failure to comply with this Order within forty-five (45) days of its entry may result in additional sanctions upon application to this Court, which retains jurisdiction to enforce the terms of the settlement.

The Clerk of Court is directed to mark this case **CLOSED**.

BY THE COURT:

NITZA I. QUIÑONES ALEJANDRO, J.